**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LRM, INC.,** | : | |
| Plaintiff, | : | Civil Action No.: 3:26-cv-01657 |
| v. | : | |
| **LRM LANDSCAPES LLC,** | : | |
| Defendant. | : | September 23, 2026 |

## COMPLAINT

The plaintiff, LRM, Inc. ("Plaintiff"), by and through its undersigned attorneys, and for its Complaint for injunctive and other relief against the defendant, LRM Landscapes LLC ("Defendant"), hereby states and alleges the following:

## NATURE OF ACTION

1. This action arises from Defendant's use of a trade name and mark that is virtually identical to, and confusingly similar to, Plaintiff's trade name and mark, "LRM," in connection with directly competitive services offered in Plaintiff's own geographic market. Plaintiff asserts claims for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark and trade name infringement and unfair competition under the law of the State of Connecticut, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq. Plaintiff seeks injunctive relief and damages.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a Connecticut corporation with its principal place of business in Newtown, Connecticut.

3. Upon information and belief, Defendant is a Connecticut limited liability company with its principal place of business at 1 Beaver Brook Rd, Unit 56, Danbury, Connecticut 06810.

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 1367.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because Defendant resides and does business in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

6. Plaintiff's business was founded in 1976 by Robert E. Manna, Sr. in Newtown, Connecticut, under the name "LRM Lawn Service." Robert E. Manna, Sr.'s son, Robert E. Manna, Jr., purchased, among other things, the goodwill of the business on or around July 7, 1994.

7. Plaintiff was incorporated in the State of Connecticut on January 3, 1996, and Robert E. Manna, Jr. has continuously owned and operated Plaintiff since that time. Plaintiff is the successor-in-interest to the business, and to the goodwill associated with the "LRM" name and mark, founded by Robert E. Manna, Sr. and later acquired by Robert E. Manna, Jr.

8. The "LRM" name and mark has been used, continuously and without interruption, in connection with the advertising, marketing, and provision of site work, excavation, masonry, and related construction services (collectively, "Plaintiff's Services") since 1976, first by Robert E. Manna, Sr., then by Robert E. Manna, Jr. individually, and, since 1996, by Plaintiff. Plaintiff is entitled to the benefit of this continuous prior use through its status as successor-in-interest to the business and goodwill described above.

9. Plaintiff is based in Newtown, Connecticut, and generally provides Plaintiff's

Services within approximately a 100-mile radius of Newtown, including, but not limited to, the towns of Bethel, Brookfield, Southbury, and Danbury, Connecticut.

10. Plaintiff maintains a substantial inventory of construction equipment and vehicles, is fully licensed, including under Connecticut Home Improvement Contractor Registration No. HIC.0563197, and insured, and maintains current OSHA compliance.

11. As a result of Plaintiff's nearly fifty years of continuous operation and its decades of use of the "LRM" name and mark in commerce, the "LRM" name and mark has come to be understood by customers, vendors, and the public in Plaintiff's market area to identify and signify Plaintiff as the source of Plaintiff's Services.

## DEFENDANT'S CONDUCT

12. Upon information and belief, Defendant was organized as a Connecticut limited liability company on April 15, 2021 -- approximately twenty-five years after Plaintiff's incorporation, and forty-five years after Plaintiff's business was founded.

13. Defendant is based in Danbury, Connecticut, located approximately 15 to 20 miles from Plaintiff's principal place of business, and squarely within Plaintiff's approximately 100-mile service area.

14. When registering with the State of Connecticut, Defendant classified itself using the same North American Industry Classification System code as Plaintiff -- NAICS Code 238910, Site Preparation Contractors -- and Defendant offers and provides site work and related services that directly compete with Plaintiff's Services.

15. Defendant's name and mark, "LRM Landscapes," consists of Plaintiff's "LRM" name and mark in its entirety, with the mere addition of the generic and purely descriptive term "Landscapes." The term "Landscapes" does nothing to distinguish Defendant from Plaintiff. Because that term merely describes services provided by both parties, at best its addition provides no meaningful basis for customers, vendors, or the

public to distinguish between the two companies. At worst, it adds to the confusion.

16. Defendant's adoption and use of a name and mark identical, or confusingly similar, to Plaintiff's "LRM" name and mark, for directly competitive services in Plaintiff's own geographic market, has caused, and is likely to continue to cause, confusion, mistake, and deception among customers, vendors, and the public as to the source, sponsorship, or affiliation of Plaintiff's and Defendant's respective services.

**ACTUAL CONFUSION / NOTICE TO DEFENDANT**

17. The confusion caused by Defendant's use of the "LRM" name and mark is not merely theoretical; Plaintiff has experienced and documented actual, repeated instances of confusion in the marketplace.

18. On multiple instances, vendors have attributed transactions by one company to the other.

19. Similarly, an earthmoving materials vendor mistakenly billed Plaintiff for materials that were in fact picked up by Defendant.

20. Plaintiff has also received a complaint regarding certain wrongful and/or illegal conduct purportedly engaged in by Plaintiff which was in fact engaged in by Defendant.

21. Upon information and belief, additional instances of actual confusion exist or will be revealed through discovery.

22. Defendant has actual notice of its infringement and the confusion caused by same.

23. Despite having actual notice of Plaintiff's rights and of the confusion caused by its conduct, Defendant has continued, and upon information and belief will continue, to use the "LRM" name and mark – to the detriment of Plaintiff – absent intervention by this Court.

24. Defendant's continued use of the "LRM" name and mark, despite notice, has caused, and will continue to cause, monetary loss and irreparable injury to Plaintiff's business, reputation, and goodwill unless enjoined.

## COUNT I

### False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a)

25. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 24, inclusive.

26. Plaintiff's "LRM" name and mark is the means by which Plaintiff's Services are distinguished from the services of others in the same or related fields.

27. Because of Plaintiff's long, continuous, and, until Defendant's infringing conduct began, exclusive use of the "LRM" name and mark in the relevant territory, it has come to mean, and is understood by customers, vendors, and the public in Plaintiff's market to signify Plaintiff as the source of Plaintiff's Services.

28. Defendant's use of the "LRM" name and mark, or a mark confusingly similar thereto, in connection with the advertising, marketing, and provision of services that directly compete with Plaintiff's Services, in Plaintiff's own geographic market, constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation that Defendant's services originate from, are affiliated with, or are authorized by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendant's conduct is likely to cause, and has caused, confusion, mistake, and deception among customers, vendors, and the public as to the affiliation, connection, or association between Plaintiff and Defendant, and as to the origin, sponsorship, or approval of Defendant's services.

30. Defendant has continued its infringing conduct despite actual notice of

Plaintiff's rights, and Defendant's conduct is likely to continue unless restrained and enjoined by this Court.

31. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages and losses, including, but not limited to, irreparable injury to its business reputation and goodwill. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's name and mark is valuable business property that has no precisely determinable market value, (b) Defendant's continued use of a confusingly similar name and mark constitutes ongoing harm to Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award alone, and (c) Defendant's wrongful conduct, and the resulting harm to Plaintiff, is continuing.

## COUNT II

## Common Law Trademark and Trade Name Infringement and Unfair Competition

32. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 31, inclusive.

33. Since long before Defendant's organization in 2021, Plaintiff's "LRM" name and mark has been understood in the relevant marketplace to identify goods and services coming from or through Plaintiff.

34. Defendant's adoption and use of a name and mark identical, or confusingly similar, to Plaintiff's "LRM" name and mark, in connection with directly competitive services in Plaintiff's own geographic market, constitutes trademark and trade name infringement and unfair competition under the common law of the State of Connecticut.

35. Defendant's conduct is likely to cause, and/or has caused, confusion, mistake, and uncertainty among customers, vendors, and the public, and is likely to deceive and mislead the relevant consumer public into incorrectly believing that Defendant's services originate with, are sponsored by, or are authorized by Plaintiff.

36. Defendant's conduct has damaged Plaintiff and resulted in an unjust gain to Defendant in an amount not presently known to Plaintiff.

37. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiff unless restrained and enjoined by this Court.

## COUNT III

## Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq.

38. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39. Defendant is a "person" within the meaning of Conn. Gen. Stat. § 42-110a.

40. With respect to the foregoing acts and conduct, Defendant was engaged in the conduct of trade or commerce, as those terms are defined in CUTPA, Conn. Gen. Stat. §§ 42-110a, et seq.

41. The foregoing conduct of Defendant constitutes unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of CUTPA, in that such conduct offends public policy and is immoral, unethical, oppressive, and/or unscrupulous, and has caused, and will continue to cause, substantial injury to Plaintiff.

42. The foregoing conduct of Defendant has caused, and will continue to cause, ascertainable loss to Plaintiff.

43. A copy of this Complaint has been e-mailed to the Attorney General of the State of Connecticut via CUTPA@ct.gov in accordance with Conn. Gen. Stat. § 42-110g.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LRM, Inc., respectfully requests that this Court enter judgment as follows:

1. That the Court enter a judgment against Defendant finding that Defendant has:

a) Engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

b) Committed common law trademark and trade name infringement and unfair competition under Connecticut law; and

c) Violated CUTPA, Conn. Gen. Stat. § 42-110a, et seq.

2. That the Court issue temporary, preliminary, and/or permanent injunctive relief against Defendant, and that Defendant, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from:

a) Using the "LRM" name or mark, or any confusingly similar name or mark, alone or in combination with any other letters, words, or designs, including "LRM Landscapes," in connection with the advertising, marketing, or provision of site work, landscaping, masonry, excavation, or other competitive services, within Plaintiff's geographic market area; and/or

b) Assisting, aiding, or abetting any other person or entity in engaging in any of the activities described in subparagraph (a).

3. That the Court order Defendant to pay Plaintiff general, special, actual, and other damages available under statute and/or common law, including the following:

a) All compensatory and other damages to which Plaintiff is entitled under the Lanham Act;

b) All compensatory and other damages due to Plaintiff as a result of Defendant's unfair competition; and

c) All relief available to Plaintiff under CUTPA;

4. That the Court order Defendant to pay to Plaintiff appropriate punitive and/or exemplary damages under common law and/or CUTPA;

5. That the Court order Defendant to pay to Plaintiff the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action and enforcing its rights;

6. That the Court order Defendant to pay to Plaintiff all available interest (including prejudgment and post-judgment interest); and

7. That the Court grant Plaintiff such other and additional relief as is just and proper.

Plaintiff hereby demands a trial by jury in this matter.

Dated this 23rd day of September 2026.

THE PLAINTIFF
LRM, INC.

By: *_/s/ Gerald C. Pia, Jr._*

Brian C. Roche - ct 17975
Gerald C. Pia, Jr. - ct 21296
Roche Pia, LLC
4 Research Dr., Suite 402, PMB # 543-85
Shelton, CT 06484
Phone: (203) 944-0235
Fax: (203) 567-8033
E-mail: broche@rochepia.com
gpia@rochepia.com